IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KIMBERLY TRIETSCH**, On Behalf of Herself and All Others Similarly Situated, | ) ) ) ) | JURY TRIAL DEMANDED |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | Case no.: |
| **CALIBER HOME LOANS, INC.,** | ) ) ) | |
| Defendant. | ) | |

**PLAINTIFF'S ORIGINAL COMPLAINT**
Collective Action under §216(b) of FLSA

Plaintiff Kimberly Trietsch, on behalf of herself and all others similarly situated, by and through counsel, for her Complaint against Defendant Caliber Home Loans, Inc. ("Caliber" or "Defendant") states as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff Kimberly Trietsch is a former Loan Consultant for Caliber. She sold mortgages to individual customers primarily over the telephone. Caliber treated her and other Loan Consultants as exempt employees and/or did not pay them overtime for all hours worked over 40 per week. Caliber operates more than 100 retail mortgage branches nationwide.

2. This is a collective action brought by Individual and Representative Plaintiff Kimberly Trietsch on her own behalf and on behalf of the proposed class. Plaintiff and the putative class members are or were employed by Caliber as "loan consultants," "loan officers," "mortgage loan originators," and in similar job titles, and were denied overtime

compensation as required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. The FLSA Collective is made up of all persons who are, have been, or will be employed by Defendant as "loan consultants," "loan officers," "mortgage loan originators," or similar job titles (collectively as "Loan Consultants"), within the United States at any time within the last three years through the date of final disposition of this action (the "Collective Period").

4. During the Collective Period, Defendant failed to pay overtime compensation to each member of the respective class as required by federal and state law. Plaintiff seeks relief for the FLSA Collective under the FLSA to remedy Defendant's failure to pay all wages due, pay appropriate overtime compensation, and maintain and distribute accurate time records, in addition to injunctive relief.

5. Caliber's policy and practice is to deny earned wages including overtime pay to its Loan Consultants. In particular, Caliber requires these employees to perform work in excess of forty (40) hours per week, but fails to pay them overtime.

6. Caliber's deliberate illegal treatment of its Loan Consultants which denies them overtime compensation results in Caliber violating the FLSA.

7. Plaintiff will add Rule 23 claims under state wage and hour laws as this case progresses.

**PARTIES**

8. Plaintiff Kimberly Trietsch currently resides in Arlington, Texas. Caliber employed Plaintiff Trietsch as a Loan Consultant / Loan Originator from approximately March 23, 2012 through December 2013 at Defendant' offices located in Irving, Texas and then Grand Prairie, Texas. Plaintiff then worked as a Mortgage Loan Originator at Cobalt

9. Mortgage, Inc. which Caliber subsequently purchased. Plaintiff's Consent to become a Party Plaintiff pursuant to 29 U.S.C. § 226(b) is attached as an exhibit.

9. Defendant Caliber Home Loans, Inc. is a Delaware corporation with its principal office located at 3701 Regent Blvd., Suite 200, Irving, TX 75063. Caliber does business in this judicial district and nationwide thru the internet and other media.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

11. The United States District Court for the Northern District of Texas has personal jurisdiction because Caliber conducts business within this District.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), inasmuch as Defendant has offices, conducts business, and can be found in the Northern District of Texas, and the causes of action set forth herein have arisen and occurred in part in the Northern District of Texas. Venue is also proper under 29 U.S.C. §1132(e)(2) because Defendant has substantial business contacts within the state of Texas.

## FACTUAL ALLEGATIONS

13. "Caliber Homes Loans, Inc. is a national residential mortgage company that originates and services home loans. Caliber was founded by Lone Star Funds, a global private equity fund. Caliber originates home loans through a network of over 100 retail branches, wholesale lending, correspondent lending, mini-correspondent lending, and a consumer direct centralized operational center." *See* Cobalt website.

14. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" within the

meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and/or continues to employ, "employee[s]," including Plaintiff and all similarly situated employees. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.00 which is the threshold test for the "enterprise" requirement under the FLSA.

15. Defendant paid Plaintiff and other Mortgage Consultants on a draw against commission basis. As a result, Defendant recaptured any minimum wage and/or overtime compensation paid to Plaintiff and other Mortgage Consultants which essentially resulted in Defendant paying them on a commission only basis.

16. By way of example, Plaintiff began working for Defendant in May 2013. Defendant did not pay her overtime compensation despite the fact that she routinely worked over eight hours per day and more than 40 hours per week. Defendant also offset any minimum wage payments to Plaintiff from her commissions.

17. Defendant uniformly applied its payment structure to all Loan Consultants.

18. Defendant suffered and permitted Plaintiff and other Loan Consultants to work more than forty hours per week without overtime compensation for all hours worked. For example, Plaintiff and other Loan Consultants regularly worked at least five days a week. They usually began work in the early morning. In addition, Plaintiff and other Mortgage Originators regularly worked into the evenings and on the weekends, causing their hours worked to exceed forty in a week on a regular basis.

19. For example, while a Loan Officer, Plaintiff's schedule fluctuated from day-to-day. However, her regular schedule had her working Mondays through Fridays, generally from 7:00 am until 5:00 pm. Additionally, Plaintiff worked at least four (4) to six (4)

weekend days every month, generally working from four (4) to six (6) hours each weekend day. Plaintiff also performed additional hours of work each week using her mobile device to send and receive business-related emails, texts, and/or phone calls. As such, during this time period, Plaintiff's regular schedule had her working an average of 50-55 hours per week.

20. As further example, for the week beginning March 31, 2013, Plaintiff worked approximately 60 hours that week as a Loan Consultant for Defendant performing duties which included taking loan applications and collecting required documents for loan processing. Defendant, however, failed to pay her overtime compensation for her approximately 20 hours of overtime work for that week.

21. Defendant knew Plaintiff and other Loan Consultants worked more than forty hours in a week because Defendant expected Plaintiff and Loan Consultants to be available to receive phone calls and answer emails – from customers, realtors and from Defendant's management employees – in the evenings and on weekends. Also, for example, Plaintiff and other Loan Consultants were expected to timely respond to leads after receiving them. Plaintiff sometimes received these leads in the evenings and on the weekends.

22. Defendant uniformly denied Plaintiff and other Loan Consultants overtime pay.

23. Defendant treated Plaintiff and other Loan Consultants as exempt and/or commission only employees, and therefore did not pay them all overtime compensation to which they are entitled, even though they worked overtime hours. Defendant uniformly applied this policy and practice to all Loan Consultants.

24. In reality, Plaintiff and other Loan Consultants are and were non-exempt sales employees who are and were entitled to overtime pay.

25. Defendant is in the business of selling mortgages.

26. Plaintiff and the other Loan Consultants had the same primary duty of selling loan products.

27. Plaintiff's and other Loan Consultants' work is and was directly related to mortgage sales.

28. Plaintiffs and other Loan Consultants did not customarily and regularly make sales at their customers' home or place of business.

29. Instead, Plaintiff and other Loan Consultants regularly made sales over the phone, via the internet, or in person at Defendant's offices.

30. Plaintiff and other Loan Consultants did not regularly supervise the work of two or more employees.

31. Plaintiff and other Loan Consultants did not exercise discretion and independent judgment as to matters of significance.

32. Plaintiff and other Loan Consultants did not perform office work related to Caliber's general business operations or its customers.

33. Plaintiff and other Loan Consultants had no advance knowledge in a field of science or learning which required specialized instruction that was required to perform the job.

34. Caliber does not require Plaintiff and other Loan Consultants to have a college degree to obtain a Loan Consultant job.

35. All Loan Consultants are similarly situated in that they share common job duties and descriptions, Caliber treated them as exempt employees at relevant times, and were all subject to Caliber's policy and practice that treated them as commission only employees, and they all performed work without overtime compensation.

36. Defendant did not keep accurate records of the hours Plaintiff and other Loan Consultants worked. Because Defendant did not pay Plaintiff and other Loan Consultants for all the hours they worked, including overtime hours, Defendant's wage statements did not accurately reflect all hours Plaintiff and other Loan Consultants worked.

37. Defendant did not provide Plaintiff and the other Loan Consultants with paychecks and/or accurate paychecks.

38. Defendant did not pay Plaintiff and other Loan Consultants for all of their overtime hours. Accordingly, Defendant did not provide Plaintiff and other Loan Consultants with all compensation owed to them, including their unpaid overtime, at the time they separated from the company.

39. Defendant are aware of wage and hour laws, as evidenced by the fact that they provide minimum wage and overtime compensation to other employees who are not Loan Consultants. Moreover, it is common industry knowledge that courts and the United States Department of Labor have found mortgage loan officers to be non-exempt entitled to be paid minimum wage and/or overtime compensation for all hours worked. Further, Defendant acquired Cobalt Mortgage, Inc. who has been sued by Mortgage Loan Originators for failure to pay overtime compensation.

40. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and other Loan Consultants.

### FLSA Collective

41. Plaintiff brings Count I on behalf of herself and other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees are:

   All persons who are, have been, or will be employed by Defendant as "Loan Consultants" "Mortgage Loan Originators," "Mortgage Loan Officers," and other individuals who

originated loan products with similar job titles within the United States at any time during the last three years through the entry of judgment in this case ("FLSA Collective").

42. Upon information and belief, Defendant paid Plaintiffs and the FLSA Collective essentially on a commission basis because Defendant offset any minimum wage and/or overtime compensation from their commissions, and suffered and permitted them to work more than forty hours per week without overtime compensation.

43. Defendant's draw against commission pay plan and failure to pay for work hours over 40 per week is a uniform policy, decision, and/or plan that applies to all Loan Consultants.

44. Accordingly, Plaintiff and the FLSA Collective were subject to Defendant's policy, decision, and/or plan of failing to pay appropriate overtime compensation.

45. Other former Loan Consultants have already joined this case and their consents to join are attached as an exhibit.

46. Defendant' unlawful FLSA conduct has been widespread, repeated. and consistent.

47. Upon information and belief, Defendant knew that Plaintiff and the FLSA Collective performed work that required overtime pay. Defendant required them to work long hours and weekends without the proper pay, Plaintiff and/or those similarly situated complained to Defendant about these practices, and it is common industry knowledge that loan officers are non-exempt employees who must be paid for all hours worked. Defendant operated under a scheme to deprive these employees of overtime compensation by failing to properly compensate them for all hours worked.

48. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

49. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the FLSA Collective. There are

numerous similarly situated, current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of a Court supervised notice of the present lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendant's records.

## COUNT I
### Collective Action under §216(b) of the FAIR LABOR STANDARDS ACT
### Overtime Claims

50. Plaintiff hereby incorporates by reference the foregoing paragraphs of this Complaint into this count.

51. The FLSA requires each covered employer such as Defendant to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours per work week.

52. Plaintiff and the FLSA Collective are entitled to be paid overtime compensation for all hours worked.

53. Defendant, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff and the FLSA Collective for all of their hours worked.

54. Defendant violated the FLSA, 29 U.S.C. § 201 *et seq*. by failing to compensate Plaintiff and the FLSA Collective for all overtime compensation.

55. By failing to record, report, and/or preserve accurate records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records with respect to each of their employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

56. The foregoing conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Plaintiff, on behalf of herself and the FLSA Collective, seek damages in the amount of all respective unpaid overtime compensations at a rate of one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week, plus liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

58. Plaintiff, on behalf of herself and the FLSA Collective seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendant, as provided by the FLSA, 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, on behalf of herself and all members of the FLSA Collective, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Collective, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Join forms pursuant to 29 U.S.C. § 216(b);

B. A declaration that Defendant is financially responsible for notifying the FLSA Collective of its alleged wage and hour violations;

C. Judgment against Defendant for an amount equal to Plaintiff and the FLSA Collective's unpaid overtime wages at the applicable rates;

D. A finding that Defendant' conduct was willful;

E. An equal amount to the overtime wages as liquidated damages;

F. All costs and attorney' fees incurred prosecuting these claims, including expert fees;

G. Pre-judgment and post-judgment interest, as provided by law;

H. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

I. Such further relief as the Court deems just and equitable.

## Demand for Jury Trial

Plaintiff, individually and behalf of all other similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial pursuant to Federal Rule of Civil Procedure 38(b).

Dated: February 21, 2016

Respectfully submitted,

/s/ *J. Derek Braziel*
J. Derek Braziel
State Bar No. 00793880
LEE & BRAZIEL, L.L.P.
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010
Email: jdbraziel@l-b-law.com


*/s/ Rowdy B. Meeks*
Rowdy B. Meeks*, Kansas Bar No.16068
**Rowdy Meeks Legal Group LLC**
10601 Mission Road, Suite 100
Leawood, Kansas 66206
Tel:  (913) 766-5585
Fax:  (816) 875-5069
Rowdy.Meeks@rmlegalgroup.com
www.rmlegalgroup.com

*pro hac vice motion forthcoming
Attorneys for Plaintiffs

11