IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KIMBERLY TRIETSCH, *et al.*,       §
                                   §
        Plaintiffs,                §
                                   §
v.                                 §           Civil Action No. 3:16-CV-00483-N
                                   §
CALIBER HOMES LOANS INC,           §
                                   §
        Defendant.                 §

## ORDER

This Order addresses Plaintiff Kimberly Trietsch's motion for notice and conditional certification [28] and motion for leave to file first amended complaint [32]. Because Trietsch satisfies the requirement of the lenient first step of the two-step *Lusardi* conditional certification process,[1] the Court grants Trietsch's motion and conditionally certifies the class as defined below. Because good cause exists, the Court grants Trietsch's motion for leave to file her first amended complaint.

## I. ORIGINS OF THE PLAINTIFF'S OPT-IN CLASS ACTION

This case arises from Trietsch's employment at Caliber Home Loans, Inc. ("Caliber"). Caliber provides and services home mortgage loans through its network of over 100 branches nationwide. *See* Pl.'s Compl. ¶13 [1]. Trietsch and Class Members are current and former Caliber mortgage origination employees, including Mortgage Loan Originators, Loan Officers, and Loan Consultants (collectively, "LOs"). *See* Pl.'s Mot. for Notice to Potential

---

[1]*Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987).

Pls. and for Conditional Certification ("Mot. For Notice") ¶1 [28]. Trietsch claims she and others similarly situated were routinely underpaid for overtime as a result of policies instituted by Caliber. *See* Compl. ¶¶16–23. According to Trietsch, Caliber did not properly compensate LOs for hours worked in excess of 40 hours a week. *Id.* at ¶22. Specifically, Trietsch alleges Caliber violated the Fair Labor Standards Act ("FLSA") by misclassifying LOs as exempt and/or commission only employees and failing to pay them the overtime compensation to which they were entitled, discouraging LOs from recording overtime, and deducting LO's hourly and salary compensation, including overtime, from their earned commissions. *Id.* at ¶¶23, 42–43, 47. Trietsch alleges class members were nonexempt sales employees that routinely worked in excess of 40 hours per week, and Caliber did not pay overtime compensation for the extra hours. *Id.* at ¶¶23–24. Instead, Caliber paid LOs according to a "draw against commission" compensation plan, which deducted hourly or salary pay, and any earned overtime, out of commission earned. *See* Compl. at ¶15, *see also* Trietsch Decl., App. to Mot. for Notice Ex. C, ¶9 [29-3]; Lee Decl., App. to Mot. for Notice Ex. D, ¶14 [29-4]. Trietsch now moves under the FLSA for conditional certification and notice to a potential class of "opt-in" plaintiffs. *See* Mot. for Notice.

Trietsch also moves for leave to file an amended complaint, which adds Emily Lee as a Named Plaintiff. *See* Mot. for Leave to File First Am. Compl. 1 [32]. Trietsch seeks to amend her complaint in order to respond to the Caliber's claim that she is not similarly situated as an hourly employee. *See id.* at 2. Because the Court reserves the more rigorous similarly situated factual analysis for the second step of the FLSA certification process under *Lusardi*, as discussed below, the addition of Lee as a named plaintiff will not substantially

prejudice Caliber. Because the Court finds there is good cause to allow the amendment, the Court grants the motion. For purposes of the motion for conditional certification, the Court uses the allegations from the original complaint and evidence submitted with the motion for conditional certification, which was based on the original complaint.

## II. STANDARD FOR OPT-IN CLASS ACTIONS UNDER THE FLSA

Section 16(b) of the FLSA allows an individual employee or group of employees to sue "any employer . . . for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Only those employees who have provided express written consent to join the suit may comprise a class under the FLSA.[2] This "opt-in" approach distinguishes FLSA class actions from those pursued under Federal Rule of Civil Procedure 23's "opt-out" method. *See* FED. R. CIV. P. 23; *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975).

Courts use one of two procedures to certify FLSA classes. The dominant approach employs a two-step process exemplified by the *Lusardi v. Xerox Corporation* litigation. 99 F.R.D. 89 (D.N.J. 1983) (conditional certification); 118 F.R.D. 351 (D.N.J. 1987) (decertification).[3] In the first step, "the district court makes a decision—usually based only on the pleadings and any affidavits which have been submitted—whether notice of the action

---

[2] "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b).

[3] After the district court decertified the *Lusardi* opt-in class, the litigation continued in various forms for several years. *See, e.g.*, *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), *vacated in part, modified in part, and remanded sub nom. Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988); *see also Lusardi v. Xerox Corp.*, 975 F.2d 964 (3d Cir. 1992).

should be given to potential class members." *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id.* Generally, "courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan" as evidence sufficient to move beyond the first step. *Id.* at 1214 n.8 (quoting *Sperling v. Hoffman-LaRoche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)). "If the district court 'conditionally certifies' the class, putative class members are given notice and the opportunity to 'opt-in.'" *Id.* at 1214; *see also Hoffman-LaRoche, Inc. v. Sperling*, 493 U.S. 165 (1989) (holding that district courts may facilitate notice to potential plaintiffs).

The second step consists of a "decertification" analysis conducted after the close of discovery and upon motion by the defendant. Based on the evidence obtained during discovery,[4] the Court "makes a factual determination on the similarly situated question."[5] *Mooney*, 54 F.3d at 1214. "If the claimants are similarly situated, the district court allows the representative action to proceed to trial. If the claimants are not similarly situated, the

---

[4]"The fact that some discovery has been conducted" prior to conditional certification "does not increase the plaintiffs' burden . . . to the more onerous standard that applies at the second, decertification stage." *McKnight v. D. Houston, Inc.*, 756 F. Supp.2d 794, 802–03 (S.D. Tex. 2010) (noting that the more rigorous second step review "is only appropriate 'after discovery is largely complete and the matter is ready for trial'" (quoting *Mooney*, 54 F.3d at 1214)).

[5]"*Lusardi* and its progeny are remarkable in that they do not set out a definition of 'similarly situated,' but rather they define the requirement by virtue of the factors considered in the 'similarly situated' analysis." *Mooney*, 54 F.3d at 1213 (citing various factors used in *Lusardi*, 118 F.R.D. at 359 (original decertification order), and *Lusardi*, 122 F.R.D. at 465–66 (decertification order on remand)).

ORDER – PAGE 4

district court decertifies the class, and the opt-in plaintiffs are dismissed without prejudice. The class representatives—*i.e.*, the original plaintiffs—proceed to trial on their individual claims." *Id.* Thus, "by its nature," the *Lusardi* approach "does not give recognizable form to an [FLSA] class, but lends itself to *ad hoc* analysis on a case-by-case basis." *Id.* at 1213 (alteration in original).

Under Fifth Circuit precedent, courts do not engage in the decertification process until after "discovery is largely complete and the matter is ready for trial. At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Mooney*, 54 F.3d at 1214. Thus, even when the parties have conducted partial or limited discovery before moving for conditional certification, courts do not skip the first step and apply the second step of the *Lusardi* approach. *See, e.g.*, *Kelly v. Healthcare Servs. Grp., Inc.*, 2014 WL 1760904, at *1 (E.D. Tex. 2014) ("The fact that some discovery has been conducted does not increase the plaintiffs' burden at this first conditional certification stage to the more onerous standard that applies at the second, decertification stage.").

The second approach to FLSA class certification, exemplified by *Shushan v. University of Colorado*,[6] considers "the 'similarly situated' inquiry [under the FLSA] to be coextensive with Rule 23 class certification." *Mooney*, 54 F.3d at 1214. A court using the *Shushan* approach analyzes FLSA class certification through Rule 23 factors like "numerosity, commonality, typicality, and adequacy of representation." *Id.* (internal

---

[6]132 F.R.D. 263 (D. Colo. 1990).

ORDER – PAGE 5

quotation marks omitted).  "Under this methodology, the primary distinction between an [FLSA] representative action and a [Rule] 23 class action is that persons who do not elect to opt-in to the [FLSA] representative action are not bound by its results." *Id.*

The Fifth Circuit has expressly declined to endorse either approach. *Id.* at 1216.  Like most courts, however, the Northern District of Texas adheres to the two-step *Lusardi* method. *See, e.g.*, *Oliver v. Aegis Commc'ns Grp., Inc.*, 2008 WL 7483891, at *3 (N.D. Tex. 2008) (Kinkeade, J.) (collecting cases).  The Court sees no reason to deviate from that practice in this case.

### III. The Court Conditionally Certifies the Opt-In Class

Trietsch asks the Court to conditionally certify a class consisting of "Mortgage Loan Originators, Loan Consultants, and other loan officers with similar titles (collectively as "LOs") who sell mortgage products to individual consumers." *See* Mot. for Notice 1.  The Court must thus determine at this stage whether, in the words of several courts, there exists "some identifiable facts or legal nexus [that] binds the claims so that hearing the cases together promotes judicial efficiency." *Walker v. Honghua Am., LLC*, 870 F. Supp. 2d 462, 465 (S.D. Tex. 2012) (alteration in original) (quoting *Aguirre v. SBC Commc'ns, Inc.*, 2006 WL 964554, at *5 (S.D. Tex. 2006)).  The Court finds such a nexus here.  Thus, the Court reserves a similarly-situated determination until the second step.[7]

---

[7]Courts can ferret out putative FLSA class actions undeserving of conditional certification by comparing the scope of requested discovery and certification to the scope of the underlying policy giving rise to the suit.  For example, a request to conditionally certify a statewide class based on a policy instituted by a manager at a single location likely would fail to meet the first step.  But when, as here, a plaintiff brings a factually-supported FLSA action crafted in proportion to the policy's reach, courts reserve a more searching

Trietsch claims Caliber subjected LOs to a common wage policy that, among other things, resulted in systematic underpayment for overtime worked. Trietsch also alleges some LOs were misclassified as exempt and discouraged from reporting overtime hours. Trietsch has shown other aggrieved individuals exist, as over 25 putative plaintiffs have opted in already. Moreover, Trietsch's declaration, along with those of her fellow opt in plaintiffs, states there are other similarly situated current and former employees of Caliber whom she believes will join the opt-in class.[8] *See* App. to Mot. For Notice Ex. C [29-3], Ex. D [29-4]. And, because Trietsch seeks conditional certification only for current and former nonexempt mortgage origination employees, whom the policies at issue affect, the Court finds her request reasonable in scope and conducive to judicial efficiency.

Caliber argues conditional certification should be denied because Trietsch is not similarly situated as the putative class she seeks to represent. *See* Def.'s Resp. to Mot. for Notice 4–5 [30]. Caliber contends the opt in plaintiffs were hourly paid employees, whereas Trietsch was a salaried employee. *Id.* at 5. To that end, Caliber spends the bulk of their response detailing out the hourly status of the plaintiffs that have opted in thus far. *See id.* at 5–9. Caliber is correct that Trietsch must be similarly situated in order to represent the class, even at the first step of the lenient *Lusardi* approach. But at most, Trietsch must only

---

examination for the second step. *Accord H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 400 (E.D. Tex. 1999) (citing *Haynes v. Singer Co., Inc.*, 696 F.2d 884 (11th Cir. 1983)).

[8]*Cf. McKnight*, 756 F. Supp.2d at 801 ("At this stage, a plaintiff must make a minimal showing that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit.") (collecting cases)).

ORDER – PAGE 7

show "that they are similarly situated with respect to their job requirements and with regard to their pay provisions. [The] positions need not be identical, but similar." *Barnett v. Countrywide Credit Indus., Inc.*, 2002 WL 1023161, at *1 (N.D. Tex. 2002) (alteration in original) (internal quotations omitted) (citing *Tucker v. Labor Leasing, Inc.*, 872 F.Supp. 941, 947 (M.D. Fla. 1994)). The Court reserves the more searching factual determination that the plaintiffs are similarly situated for after discovery is complete.

Here, Trietsch submits evidence, in the form of 17 LO declarations and several LO job postings, that LOs share similar job titles, perform the same duties nationwide, and are subject "to the same compensation plan which offsets salary or hourly pay including overtime from LOs' paid commissions." *See* Pl.'s Reply 1 [33]. Under the alleged "draw against commission plan," Caliber deducted all hourly compensation paid, including any overtime from earned commissions for hourly employees. *See, e.g*, Lee Decl., App. to Mot. for Notice Ex. D, ¶14 [29-4]. For salaried employees, Caliber allegedly deducted the employee's salary from any earned commission. *See* Trietsch Decl., App. to Mot. for Notice Ex. C, ¶9 [29-3]. These compensation plans are not identical, but similar. The Court will reserve judgment on whether the compensation plan for hourly and salaried employees are sufficiently different to defeat the "similarly situated" analysis, for the second step.

Thus, the Court concludes that Trietsch provided sufficient evidence to conditionally certify the class. Accordingly, the Court conditionally certifies a class consisting of the following individuals:

> All persons who are, have been, or will be employed by Caliber as "Loan Consultants," "Mortgage Loan Originators," "Mortgage Loan Officers," and

any other individuals who originated loan products regardless of job title[9] within the United States at any time during the last three years.

*See* Compl. at ¶41.

The Court orders Caliber to provide Trietsch with the name, last known address, email address, and telephone number, if known, for each individual falling within the conditionally certified class (the "Employee Information"). Caliber shall provide the Employee Information in an electronic format, or in written format if not available in electronic form, within ten (10) days of the date of this Order. Trietsch shall use the Employee Information only to mail or email notice to potential opt-in plaintiffs. Caliber will also post the Notice and Consent forms at each of their branch offices where LOs report.

The Court approves the notice letter and consent form included with Trietsch's motion. *See* App. to Mot. for Notice, Ex. U [29-22]. The Court authorizes Trietsch to mail, at her own cost, a copy of the notice letter and consent form, along with a self-addressed, postage-paid return envelope, to each potential class member. Trietsch shall mail these materials within seven (7) days after Caliber turns over the Employee Information (the "Mailing Date"). Potential plaintiffs shall have ninety (90) days from the Mailing Date to file a consent form opting-in to this litigation (the "Opt-In Period"), unless the parties agree to permit late filings.

Trietsch's counsel shall date stamp the returned consent forms on the day they are received in counsel's office and retain any envelope or other evidence showing the date the

---

[9]The Court makes a small change to the proposed class definition to focus on the potential class members' job duties, rather than job title.

ORDER – PAGE 9

consent forms were postmarked or fax-stamped.  All consent forms postmarked or fax-stamped on or before the last day of the Opt-In Period will be considered timely.  The Court will not accept consent forms postmarked or fax-stamped after the Opt-In Period expires.

Within fourteen (14) days after the last day of the Opt-In Period, Trietsch's counsel, on behalf of the opting-in plaintiffs, shall file the consent forms with the Court (the "Filing Date"), noting the received date for each individual.  The Court tolls the statute of limitations for each opt-in class member through the Filing Date.  The Court will accept late-filed consent forms only for good cause.

The Court also orders that the parties may conduct additional class certification discovery for ninety (90) days after the Filing Date.  The Court further orders Caliber to file a motion for decertification within thirty (30) days after the close of class certification discovery, at which time the Court will apply the more stringent review required under *Lusardi*'s second-step analysis.

### CONCLUSION

The Court grants Trietsch's motion for notice and conditional certification, conditionally certifies the proposed class, and authorizes notice to potential plaintiffs pursuant to the terms set forth above.  The Court grants Trietsch's motion for leave to file first amended complaint.  The Clerk shall file the attached Exhibit A as Trietsch's first amended complaint.  *See* App. to Mot. for Leave to File Ex. A [32-1].

Signed December 1, 2016.

David C. Godbey
United States District Judge

ORDER – PAGE 11